UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    :
ROSA ARIAS,                         :
                                    :
           Plaintiff,               :
                                    :
     v.                             :
                                    :
MARRIOTT INTERNATIONAL, INC.,       :  Civil Action No. 15-1258 (GK)
                                    :
           Defendant.               :
                                    :
                                    :
                                    :
                                    :
```

## MEMORANDUM OPINION

Plaintiff Rosa Arias, ("Plaintiff") brings this action against Defendant, Marriott International, Inc., ("Defendant," or "Marriott"), for herself and others similarly situated. Ms. Arias alleges violation of 42 U.S.C. 1981 for discrimination based on race, national origin and retaliation (Count 1), breach of contract (Count 2), breach of the implied covenant of good faith and fair dealing (Count 3), wrongful termination (Count 4), negligence and negligent misrepresentation of material facts (Count 5), aggravated assault (Count 6), fraudulent concealment of material fact (Count 7), and violation of D.C. Code § 32-1103 (Count 7[1]).

---

[1] Plaintiff has asserted two Counts 7 in her Amended Complaint.

This matter is presently before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Mot.") [Dkt. No. 33].

Upon consideration of the Motion, Opposition, and Reply, the entire record herein, and for the reasons stated below, Defendant's Motion is **granted in part and denied in part**.

I.    BACKGROUND

A.    Factual Background

Plaintiff Rosa Arias, a Spanish American, has been employed in the Housekeeping Department at the Defendant's Washington Marriott at Metro Center ("the Hotel") since 2003. Second Amended Complaint ¶¶ 3, 16, 19 ("SAC") [Dkt. No. 31]. As a housekeeper, Ms. Arias' duties included cleaning hotel rooms and bathrooms. Id. ¶ 3. These duties required her to work with hazardous chemicals such as furniture polish and antibacterial all-purpose cleaning agents. Id. ¶¶ 3, 17. Ms. Arias asserts that the chemicals required the use of Personal Protective Equipment ("PPE"), and that Marriott withheld the required PPE. Id. ¶¶ 3, 16.

Ms. Arias asserts that at some point during her employment, she experienced severe eye irritation, headaches, respiratory illness and chest pain. SAC ¶4. Although Ms. Arias did not initially know the cause of her illnesses, she now believes that

they were related to the hazardous chemicals that she used at work. Id. ¶¶ 3-4, 7.

In early 2015, Ms. Arias requested and was granted a four month medical leave of absence. SAC ¶ 5. She was scheduled to return to work on May 15, 2015. Id. While on leave, Ms. Arias was diagnosed with either heart or respiratory complications. Id. ¶ 6.

On March 31, 2015, while still on leave, Ms. Arias gave deposition testimony in another case, Sanchez v. Mariott Corporation, 12-cv-1577, (D.D.C.), a separate Title VII suit against Defendant's affiliate Marriott Corporation, about the chemicals she used at the Hotel and the use of those chemicals without PPE. SAC ¶¶ 7-12. Her testimony included statements that she and her coworkers told Marriott that the chemicals were making them sick and that Marriott never trained the Housekeeping Department on the hazards of the chemicals. Id. ¶ 9. Ms. Arias asserts that Defendant obviously had notice of her deposition testimony in the Sanchez case. Id. ¶ 30.

On May 14, 2015, one day before Ms. Arias was scheduled to return to work, she received a phone message from the Defendant's representative informing her that her employment was terminated

and someone else had taken her position. SAC ¶ 14. However, later[2],
she was told that her termination was rescinded. Id.

In July, August and September 2015, Ms. Arias communicated
with the Hotel about returning from her leave of absence, and
whether she would have access to PPE upon her return. SAC ¶¶ 15-
16, 19. Ms. Arias asserts that at this point, her leave of absence
was unpaid. Id. ¶¶ 15-16. On September 20, 2015, Ms. Arias returned
to work, and she remains employed by the Hotel. Motion to Dismiss
Plaintiff's Second Amended Complaint at 3 ("Mot.") [Dkt. No. 33-
1].

### B.    Procedural Background

On or about June 15, 2015, Ms. Arias filed a Complaint in the
Superior Court of the District of Columbia. See Corrected Notice
of Removal at 1 [Dkt. No. 2]. On August 8, 2015, Defendants filed
a Notice of Removal from D.C. Superior Court [Dkt. No. 1].

On August 26, 2015, Ms. Arias filed a Consent Motion for Leave
to File an Amended Complaint ("Consent Motion to Amend") [Dkt. No.
8]. On August 27, 2015, the Court granted Ms. Arias' Consent Motion
to Amend [Dkt. No. 9], and she filed the First Amended Complaint
[Dkt. No. 10]. On April 21, 2016, this Court granted Ms. Arias'
Motion for Leave to File a Second Amended Complaint. April 21,

---

[2] The Second Amended Complaint gives no indication as to when Ms.
Arias' alleged termination was rescinded.

2016 Order [Dkt. No. 30]. That same day, she filed the Second Amended Complaint, which is the operative Complaint.

On May 5, 2016, Marriott filed a Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. No. 33]. On June 1, 2016, Ms. Arias filed her Opposition ("Opp.") [Dkt. No. 37]. On June 13, 2016, Marriott filed its Reply ("Reply") [Dkt. No. 38].

On August 12, 2016, Ms. Arias filed a Notice of Dismissal of Claims from Plaintiff's Second Amended Complaint ("Notice of Dismissal") [Dkt. No. 40-1] and voluntarily dismissed three of her eight claims.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success... [,] must assume all the allegations in the complaint are true (even if doubtful in fact)... [, and] must give

-5-

the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted). A complaint will not suffice, however, if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

## III. ANALYSIS

### A. Counts 5 and Both Counts 7

Ms. Arias has voluntarily dismissed her claims of negligence and negligent misrepresentation of material facts (Count 5), fraudulent concealment of material fact (Count 7), and violation of D.C. Code § 32-1103 (Count 7). Notice of Dismissal of Claims from Plaintiff's Second Amended Complaint ("Notice of Dismissal") [Dkt. No 40-1]. Thus, the Court will only address the merits of the remaining five claims.

### B.   Count 1- Violation of Title VII

#### 1. Racial Discrimination

Ms. Arias alleges violation of Title VII, 42 U.S.C. 1981, for discrimination based on race, national origin[3] and retaliation. In

---

[3] Defendant argues that Ms. Arias cannot make a Title VII claim based on her national origin. Mot. at 20, citing Amiri v. Securitas Sec. Servs. USA, Inc., 35 F. Supp. 3d 41, 47 (D.D.C. 2014), aff'd, 608 F. App'x 15 (D.C. Cir. 2015). Ms. Arias does not appear to be making an argument that she faced discrimination based on being

-6-

order to establish a <u>prima facie</u> case of racial discrimination under Title VII, a plaintiff must show that "(1) [s]he is a member of a protected class, (2) [s]he suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination (that is, an inference that [her] employer took the action because of [her] membership in the protected class)." <u>Forkkio v. Powell</u>, 306 F.3d 1127, 1130 (D.C. Cir. 2002).[4]

The parties do not dispute that Ms. Arias is a member of a protected class.

Ms. Arias has also shown that she suffered an adverse employment action. An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote,       reassignment      with      significantly      different

from Nicragua separate and apart from discrimination based on race. Therefore, the Court will consider only the claim of discrimination based on race.

[4] Ms. Arias' reliance on <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111 (D.C. Cir. 2000) is not sufficient to overcome her pleading deficiencies. Ms. Arias is correct that she need not plead facts showing each of these elements in order to defeat a Motion to Dismiss. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 515 (2002). However, her Complaint still must put the Defendant on notice of her legal theory and must contain allegations entitling her to offer evidence to support the claims. <u>Id.</u> Ms. Arias does claim that she is Hispanic, but does not claim that she was fired because of her race. Instead, she argues that she was fired because of her participation in a protected activity. Opp. at 8. Consequently, Ms. Arias' allegations entitle her to produce evidence on her claim of retaliation, but not of racial discrimination.

responsibilities, or a decision causing a significant change in benefits." Douglas v. Preston, 559 F.3d 549, 552 (D.C. Cir. 2009).

Ms. Arias alleges that on May 14, 2015, while she was on medical leave, Defendant's representative notified her that she had been terminated.[5] SAC ¶ 14. Although Plaintiff concedes that her termination was rescinded at a later date, she claims that she was forced to remain on an unpaid leave of absence until her return to work on September 20, 2015. SAC ¶¶ 5, 14-16, 19. As a result of this unpaid leave, Ms. Arias "was financially distressed" and was in "emergency need of money to pay her rent and to buy food." SAC ¶ 15-16. Unpaid leave for even a month may constitute a materially adverse employment action. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 72 (2006). Therefore, Ms. Arias has adequately plead this element of racial discrimination.

Ms. Arias must also plead a causal connection between her race and the materially adverse action. Ms. Arias fails to do so because she conflates her claims of racial discrimination and retaliation under Title VII. Addressing both of her Title VII claims at once, Ms. Arias argues that she has satisfied the third

---

[5] Defendant denies that Ms. Arias was ever terminated. Mot. at 2, 18, and 22. It is unclear from the Second Amended Complaint whether Plaintiff was paid while on medical leave, but it is clear that she was not paid between mid to late May 2015 and September 20, 2015 when she returned to work. SAC ¶¶ 5, 14-16, 19

element of a racial discrimination claim because, "[t]he employer took material adverse employment action for her (Plaintiff's) participation in the protected activity." Opp. at 8. Ms. Arias cites in her Opposition the 44 days between her deposition and the unpaid leave as evidence of the causal connection between her protected status and her unpaid leave, but does not attempt to connect the employer's racial discrimination to her unpaid leave. Id.

However, in her Second Amended Complaint, Ms. Arias makes no factual allegations that race was the reason for the Hotel's actions, and does not identify any disparate treatment between her and non-Hispanic housekeepers. In fact, Ms. Arias does not identify the race of any other housekeepers at the Hotel. Consequently, she has not satisfied the third element of a Title VII racial discrimination claim.

## 2. Retaliation

However, Ms. Arias has successfully plead in her Second Amended Complaint a claim of retaliation under Title VII. In order to establish a prima facie case of retaliation, the plaintiff must demonstrate that he or she engaged in a protected activity and the employer's retaliation, which was materially adverse, was based on that activity. See e.g., Johnson v. Perez, 823 F.3d 701, 706 (D.C. Cir. 2016).

Marriott does not dispute that Ms. Arias' testimony in a separate case against Defendant constitutes a protected activity. Protected activity includes having "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" on the basis of discrimination under these statutes. <u>Jones v. Billington</u>, 12 F.Supp.2d 1, 13 (D.D.C.1997), <u>aff'd</u> 1998 WL 389101 (D.C. Cir. 1998). Given the fact that Ms. Arias testified in <u>Sanchez</u>, there is no question that she has therefore plead that she engaged in a protected activity.

As demonstrated above, Ms. Arias had some amount of absence without pay, which, if true, constituted a materially adverse employment action. See supra at 7-8, 8 n. 5; ¶¶ 14-16.

Finally, Ms. Arias has adequately plead a causal connection between her deposition testimony and her unpaid leave of absence. Defendant had knowledge of Ms. Arias' deposition in <u>Sanchez</u>. SAC ¶ 30. Ms. Arias argues that the 44 days between her deposition in <u>Sanchez</u> and the call terminating her employment establishes the causal connection required to plead a claim under Title VII. Opp. at 8. In the absence of direct evidence, "mere temporal proximity may establish causation." <u>Keys v. Donovan</u>, 37 F. Supp. 3d 368, 372 (D.D.C. 2014). Thus, viewed in the light most favorable to Ms. Arias, she has adequately plead a claim for retaliation under Title VII.

## C.   Count 2- Breach of Contract

Defendant has argued that Plaintiff may not bring a claim of breach of contract because she was an employee at-will. See Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 67 (D.D.C. 2005) ("Termination of employment, [] does not breach an at-will employment contract, because by its very terms the agreement contemplates that either party may end the employment relationship, with or without cause.")

Our Court of Appeals has ruled that, "in the absence of clearly expressed contrary intent. . .the parties have in mind merely the ordinary business contract for continuing employment, terminable at the will of either party." Minihan v. Am. Pharm. Ass'n., 812 F.2d 726, 727 (D.C. Cir. 1987). In other words, there is a presumption in this jurisdiction that, "unless a contrary intent is clearly expressed, all employment is at-will." Greene v. Bowne of New York LLC, 02-cv-1263, 2002 WL 34936072, at *1 (D.D.C. September 5, 2002).

"[A] plaintiff bears the burden of alleging facts sufficient to show that the parties intended that termination be subject to specific preconditions." Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 70 (D.D.C. 2005). However, the Court disagrees that overly detailed factual pleadings are required, as some courts have held. See Harris v. Corr. Corp. of Am., 796 F. Supp. 2d 7, 12 (D.D.C.

-11-

2011) (granting Motion to Dismiss when "plaintiff's only allegations regarding the terms of his employment contract [were] that he 'was employed pursuant to an express and/or implied employment contract,' that 'he was not an at will employee' and 'could not be terminated without due process and only for cause,' and that he 'was paid a starting salary of $45,000 per annum.'"). We remain in a notice pleading system." Swierkiewicz, 534 U.S. at 515.

The Court finds that Ms. Arias' allegations that "Plaintiff was a contract employee under expressed terms with all contract rights and privileges afforded thereto by the District of Columbia," and that "[t]ermination of [the] contract could only be effected for just cause," SAC ¶¶ 59-60, constitute sufficient pleadings that she was not an at-will employee. Ms. Arias' alleged termination, however temporary, may therefore support a claim for breach of contract.

## D.   Count 3- Breach of Implied Covenant of Good Faith and Fair Dealing

"All contracts in the District of Columbia contain an implied duty of good faith and fair dealing, which means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Brown v. Sessoms, 774 F.3d 1016, 1025 (D.C. Cir. 2014)

-12-

(internal quotations omitted). "A party breaches this covenant if it evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party to the contract." Id. (internal quotations omitted).

Defendant argues that this claim must be dismissed because Ms. Arias has not adequately plead the existence of a contract with preconditions for her termination. Given the fact that Ms. Arias has plead the existence of a contract, see supra at 11-13, and that no discovery has been begun, the Court feels compelled to allow her to go forward on this Count.

**E.   Count 4- Wrongful Termination in Violation of Title VII**

Ms. Arias has plead, in the alternative, should this Court find that she was an at-will employee, that she was wrongfully discharged in violation of public policy. "The tort of wrongful discharge in violation of public policy is a limited exception to the general rule in the District of Columbia that an at-will employee may be discharged at any time and for any reason, or for no reason at all." Clay v. Howard Univ., 128 F. Supp. 3d 22, 27 (D.D.C. 2015) (internal citations omitted).

To begin with, it is not clear from the pleadings that there was any period of time in which Ms. Arias was actually terminated. SAC ¶ 14.

However, as already noted, even if there was a non-negligible period of time between the call discharging Ms. Arias and her reinstatement, "in the District of Columbia ... an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. Cir. 1991). A "very narrow exception to the at-will doctrine has been recognized in this jurisdiction when the sole reason for the employee's termination" violates public policy. Lockhart v. Coastal Int'l Sec., Inc., 5 F. Supp. 3d 101, 106 (D.D.C. 2013) (internal citations omitted).

However, "a plaintiff may not seek relief under a theory of wrongful discharge based upon a statute that carries its own remedy for violation." Id. Ms. Arias' Second Amended Complaint cites Title VII as the public policy that Defendant violated when it allegedly terminated Ms. Arias. SAC ¶ 74.

It is well settled that Title VII affords both legal and equitable remedies to plaintiffs who establish a cause of action. Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 459-60 (1975). Therefore, Ms. Arias cannot bring a separate common law wrongful termination claim based upon the public policy underlying Title VII. Lockhart, 5 F. Supp. 3d at 106 and Count 4 must be **dismissed**.

-14-

### F.    Count 6- Aggravated Assault

Ms. Arias' aggravated assault claim cannot survive the Motion to Dismiss because she brings the claim under D.C. Code § 22-404.01. SAC ¶ 95-96. As Defendant points out, this is a criminal statute, and there is no private right of action under a criminal statute. See Def's Opp'n at 6-8; Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) ("we refused to infer a private right of action from 'a bare criminal statute.'"); Johnson v. D.C. Criminal Justice Act, 305 F. App'x 662, 662 (D.C. Cir. 2008); Kungle v. State Farm, Fire and Causality Company, 48 F. Supp. 3d 67, 76-77 (D.D.C. 2014) ("there is no private right of action under a criminal statute").

To the extent that Ms. Arias asks this Court, using extremely convoluted language, to accept this claim as one of civil assault, Opp. at 18-20, it would still be barred by the D.C. Worker's Compensation Act ("WCA"). D.C. Code Ann. § 32-1501 et. seg.; See Fonseca v. Salminen, 896 F. Supp. 2d 84, 86-87 (D.D.C. 2012) (dismissing assault claim because the WCA was the sole remedy available).

Ms. Arias asserts that her aggravated assault claim would fall under the exception to the WCA for injuries specifically intended by the employer to be inflicted on the particular employee who is injured. Pl.'s Reply at 19; See Grillo v. Nat'l Bank of

-15-

Washington, 540 A.2d 743, 744 (D.C. 1988). Courts have interpreted this exception narrowly. "Specific intent by the employer will not be found even where an employer has knowledge to a 'substantial certainty' that an injury will result from an act. Doe v. United States, 797 F. Supp. 2d 78, 83-84 (D.D.C. 2011).

Even taken in the light most favorable to Ms. Arias, her bare assertion that the Defendant "intentionally and recklessly" forced her to work with dangerous chemicals without the required use of Personal Protective Equipment ("PPE") does not fall within the narrow WCA exception. See Grillo, 540 A.2d at 753 ("The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But . . . it cannot be said, if such an injury does happen, that this was deliberate infliction of harm"); Doe, 797 F. Supp. 2d at 83-84.

"When an employee is assaulted on the employer's premises or otherwise in the course of employment, the employee's resulting injuries are presumed covered under the [WCA] unless the employer presents substantial evidence that the assault was motivated by something entirely personal to the employee and unrelated to the employment." Fonseca, 896 F. Supp. 2d at 87. Ms. Arias has not provided any evidence of Marriott's motive to refuse to provide PPE to its housekeeping staff. In the absence of any evidence of

-16-

a personal motive unrelated to Ms. Arias' employment, this Court must presume that the alleged assault "arose out of Plaintiff's employment, and thus is covered by the WCA." Id. (internal citations omitted).

Count 6 must therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted in part and denied in part**. An Order shall accompany this Memorandum Opinion.[6]


November _14_, 2016                          Gladys Kessler
                                             United States District Judge


**Copies to:** attorneys on record via ECF

---

[6] The Court calls Plaintiff's counsel to read- and take heed for the future- Defendant's footnote 1 at page 5 of its Reply. The Court totally agrees with the language contained therein.