UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSA ARIAS,
    Plaintiff,
  v.
MARRIOTT INTERNATIONAL, INC.,
    Defendant.

Civil Action No. 15-1258 (CKK)

MEMORANDUM OPINION
(March 29, 2018)

Plaintiff Rosa Arias moves to certify a class of housekeepers employed by Defendant Marriott International, Inc. ("Marriott") in its hotels in the District of Columbia. Pl.'s Mot. for Class Certification, ECF No. 69. Federal Rule of Civil Procedure 23 imposes various threshold requirements for class certification. While Plaintiff originally alleged several class-wide claims, following the voluntary dismissal of two claims and the Court's dismissal of several others, Plaintiff's surviving claims concern only her alleged termination by Defendant rather than issues affecting the putative class. Accordingly, Plaintiff fails each of Rule 23's requirements for class certification. Her claims are better resolved in individual litigation. Because the putative class has not been certified, Plaintiff's pending motion to appoint interim class counsel is now MOOT.

Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following briefing:

- Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Class Certification, ECF No. 69-1 ("Mot. to Certify");
- Def.'s Opp'n to Pl.'s 2d Mot. for Class Certification, ECF No. 78 ("Opp'n to Mot. to Certify");
- Pl.'s Respons [sic] in Opp'n to Def.'s Opp'n to Pl.'s 2d Mot. for Class Certification, ECF No. 79 ("Reply in Supp. of Mot. to Certify");
- Mem. of Law, P&A in Supp. of Pl.'s Counsel's Mot. for Appointment as Interim Class Counsel, ECF No. 76-1 ("Mot. to Appoint");
- Def.'s Opp'n to Pl.'s Mot. for Appointment as Interim Class Counsel, ECF No. 80 ("Opp'n to Mot. to Appoint"); and

1

whole, the Court **DENIES** Plaintiff's Motion for Class Certification, ECF No. 69, and **DENIES** as MOOT Plaintiff's Motion for Appointment of Harry T. Spikes, Sr. as Interim Class Counsel, ECF No. 76.[2]

## I. BACKGROUND

### A. Factual Background

Because it is Plaintiff's burden to establish her satisfaction of the class certification requirements, *e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litigation-MDL No. 1869*, 725 F.3d 244, 249 (D.C. Cir. 2013), and in the absence of discovery, the Court shall set forth such facts as Plaintiff has alleged, notwithstanding that Defendant's response to her Second Amended Complaint contests some of these allegations, *see* Answer and Affirmative Defenses to 2d Am. Compl., ECF No. 54.

According to her Second Amended Complaint, Plaintiff is a Nicaraguan native whom Defendant has employed in its Housekeeping Department since 2003. Pl.'s 2d Am. Compl., ECF No. 31, ¶ 3. Plaintiff reports that her duties have included cleaning hotel rooms and bathrooms in Defendant's hotel, located in the Metro Center neighborhood of Washington, D.C. *Id.* ¶¶ 2-3; Mot. to Certify at 4. In the course of these duties, Plaintiff allegedly was expected to use certain cleaning chemicals requiring the use of personal protective equipment ("PPE") that was not

---

- Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Appointment as Interim Class Counsel, ECF No. 81 ("Reply in Supp. of Mot. to Appoint").

The Court has considered the briefing and the record as a whole and determined in an exercise of its discretion that no hearing is necessary to resolve either of Plaintiff's motions. *See* D.D.C. LCvR 7(f). Accordingly, the Court denies Plaintiff's requests for hearings on both motions.

[2] This case was handled by Judge Gladys Kessler prior to her retirement. *See* Mem. Op., ECF No. 65, at 3 (anticipating Sept. 1, 2017, retirement). Nevertheless, for purposes of the present motions and in the interest of economy, the Court shall refer to Judge Kessler's prior actions in this case as those of the Court, except in those few circumstances where a distinction is helpful.

provided by Defendant. Pl.'s 2d Am. Compl., ECF No. 31, ¶¶ 3, 7. Plaintiff further alleges that the use of these chemicals without PPE resulted in her developing various medical ailments, including eye irritation, headaches, respiratory illness, and chest pains. *Id.* ¶ 4. In 2015, Defendant granted Plaintiff's request for four months of leave from her employment, through May 15, 2015, to receive medical treatment for these ailments. *Id.* ¶ 5.

During her leave, Plaintiff allegedly gave deposition testimony on March 31, 2015, in a separate lawsuit against Defendant. *Id.* ¶ 7 (citing *Sanchez v. Marriott International, Inc.*, Civil Action No. 14-1577 (ABJ) (D.D.C.)). Plaintiff asserts that notice of this testimony was given to Defendant. *Id.* Plaintiff's testimony concerned chemicals she used in the course of her employment and provided details about the way such chemicals were used in her work environment. *See id.* ¶¶ 7-12. Based on portions of her deposition testimony included in Plaintiff's Second Amended Complaint, Plaintiff alleges that the chemicals were having negative health effects on her, that she and other employees reported such effects to a supervisor employed by Defendant, that Plaintiff was never notified that the chemicals she worked with could have a negative impact on her health, and that Defendant's chemical storage practices minimized any opportunity that might have been available to view any labeling on original bottles that contained health warnings. *See id.*

Before her leave was scheduled to end, Plaintiff allegedly learned by telephone message from a representative of Defendant "that her employment was terminated and another person had taken her position." *Id.* ¶ 14. Plaintiff claims that she was later told that her termination had been rescinded. *Id.* In July and August of 2015, Plaintiff allegedly communicated with Defendant concerning her request to return to work. *Id.* ¶¶ 15-16. When Defendant denied her request for a chemical-free work environment, she nevertheless agreed to return if PPE were made available, to

3

which Defendant responded by affirming that PPE would be and always had been available to her and other employees. *Id.* While not specifically alleged by Plaintiff, and not material to resolution of the pending motions, the Court observes that Plaintiff apparently returned to work on September 20, 2015, and at least as of May 5, 2016, remained employed by Defendant. Mem. of Law in Supp. of Def. Marriott International, Inc.'s Mot. to Dismiss Pl.'s 2nd Am. Compl., ECF No. 33-1, at 3.

**B. Procedural History**

In June 2015, Plaintiff filed a complaint against Defendant in D.C. Superior Court, Civil Action No. 2015 CA 4324 B. [Corrected] Notice of Removal, ECF No. 2, at 1. On August 5, 2015, Defendant removed the case to the U.S. District Court for the District of Columbia on federal question jurisdictional grounds. *Id.* at 2-3. On April 21, 2016, Plaintiff filed a Second Amended Complaint with leave of the Court. Pl.'s 2d Am. Compl., ECF No. 31. Some ambiguity notwithstanding, the claims of the Second Amended Complaint may be summarized as follows: (1) discrimination based on race, national origin, and retaliation for a protected activity under 42 U.S.C. § 1981; (2) breach of contract in allegedly terminating Plaintiff's employment; (3) breach of implied covenant of good faith and fair dealing in allegedly terminating Plaintiff's employment in bad faith; (4) wrongful termination of at-will contract in violation of public policy and 42 U.S.C. § 1981, pled in the alternative to Counts Two and/or Three; (5) negligence and negligent misrepresentation of material facts, alleging that Defendant breached its duty of care through various employment actions relating to the chemicals used in the workplace; (6) aggravated assault through failure to provide PPE; and (7) fraudulent concealment of material fact concerning the health effects of chemicals used in the course of Plaintiff's employment.[3] *See id.* Plaintiff alleges

---

[3] Plaintiff also apparently incorporated within Count Seven a claim of intentional misrepresentation of material fact, as well as what was styled as another Count Seven for violation of D.C. Code § 32-1103. In any event, Count Seven in all its aspects was later

that the claims in at least part of Count One and in Counts Five through Seven are class-wide claims. *See id.* (referring to class members only with respect to each of these claims, but doing so ambiguously as to scope in Count One); *but see* Opp'n to Mot. to Certify at 2-3 (arguing that "Class Action Allegations" section of Second Amended Complaint refers only to claims under 42 U.S.C. § 1981 and D.C. Code § 32-1101 *et seq.* (regarding occupational safety and health hazards)).

On May 5, 2016, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 33, which the parties subsequently briefed. On August 12, 2016, pursuant to an agreement between the parties, Plaintiff filed a notice voluntarily dismissing Count Five, containing the negligence and negligent misrepresentation claims, and Count Seven, containing, *inter alia*, the fraudulent concealment of material fact claim. Notice of Filing Def.'s Mot. for Sanction, ECF No. 40, at 1; Notice of Dismissal of Claims from Pl.'s 2nd Am. Compl. 1, ECF No. 40-1, at 1. On November 14, 2016, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Order, ECF No. 52. The Court dismissed Count One's claims as to race and national origin discrimination, as well as Counts Four and Six in their entirety. *Id.* at 2; Mem. Op., ECF No. 53, at 6-7 n.6 ("Ms. Arias does not appear to be making an argument that she faced discrimination based on being from Nicragua [sic] separate and apart from discrimination based on race. Therefore, the Court will consider only the claim of discrimination based on race."). Remaining are Plaintiff's claims under Count One for retaliation in violation of 42 U.S.C. § 1981, Count Two for breach of contract, and Count Three for breach

---

voluntarily dismissed. *See* Notice of Dismissal of Claims from Pl.'s 2d Am. Compl., ECF No. 40-1, at 1 (specifically referring to dismissal of fraudulent concealment and D.C. Code § 32-1103 counts); Order, ECF No. 52, at 2 (noting that "Plaintiff's Counts 5 and *both Counts 7* were previously voluntarily dismissed" (emphasis added)).

of implied covenant of good faith and fair dealing. *See* Order, ECF No. 52, at 2.

On August 15, 2017, Plaintiff filed the instant Motion for Class Certification, ECF No. 69. On August 24, 2017, Plaintiff filed her Motion for Appointment of Harry T. Spikes, Sr. as Interim Class Counsel, ECF No. 76. With the completion of briefing, each motion is now ripe for resolution.

## II. LEGAL STANDARD

### A. Class Certification

"To certify a class for settlement, a court must consider whether the proposed class meets the requirements of Federal Rule of Civil Procedure 23." *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 192 (D.D.C. 2011). The putative "class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions." *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006).

1. Rule 23(a) Requirements

Under Federal Rule 23(a), a member of a class may sue on behalf of the class if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These four requirements are referred to as numerosity, commonality, typicality, and adequacy of representation.

*a. Numerosity*

Rule 23(a)'s numerosity requirement dictates that the class be so numerous that joinder of all members is impracticable. "There is no specific threshold that must be surpassed in order to satisfy the numerosity requirement," however "courts in this jurisdiction have observed that a class

of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007).

      b. *Commonality*

The commonality requirement asks whether there are questions of law or fact common to the class. "The touchstone of the commonality inquiry is 'the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Coleman ex rel. Bunn v. District of Columbia*, 306 F.R.D. 68, 82 (D.D.C. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

      c. *Typicality*

The typicality requirement demands that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Generally speaking, "[t]ypicality is . . . satisfied when the plaintiff's claims arise from the same course of conduct, series of events, or legal theories as the claims of other class members." *In re XM Satellite Radio Holdings Secs. Litig.*, 237 F.R.D. 13, 18 (D.D.C. 2006) (assessing precedent regarding typicality under Rule 23(a) as required by securities legislation). "The facts and claims of each class member do not have to be identical to support a finding of typicality; rather, typicality refers to the nature of the claims of the representative, not the individual characteristics of the plaintiff." *Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 52 (D.D.C. 2010) (citation and internal quotation marks omitted). Accordingly, "if the named plaintiffs' claims are based on the same legal theory as the claims of the other class members, it will suffice to show that the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims." *Bynum v. District of Columbia*, 214 F.R.D. 27, 35 (D.D.C. 2003).

      d. *Adequacy of Representation of the Class*

7

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Two criteria for determining the adequacy of representation are generally recognized: 1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) (quoting *Nat'l Ass'n of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340, 345 (D.C. Cir. 1976)) (internal quotation marks omitted).

2. Rule 23(b) Requirements

Plaintiff seeks to certify the proposed class pursuant to Federal Rule 23(b)(3), and therefore the Court must also determine (a) whether common questions predominate over non-common questions, and (b) whether class resolution is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

   *a. Predominance*

"There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' [sic] individual position." *Cohen v. Warner Chilcott Public Ltd. Co.*, 522 F. Supp. 2d 105, 116 (D.D.C. 2007) (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002)) (internal quotation marks omitted).

   *b. Superiority*

Finally, the superiority criterion prompts an evaluation of the comparative merits of resolving the present action using the class mechanism as opposed to other available means of

adjudication. Fed. R. Civ. P. 23(b)(3). "The superiority requirement ensures that resolution by class action will 'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences.'" *Cohen*, 522 F. Supp. 2d at 117 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)).

Rule 23(b)(3) instructs that factors to consider in evaluating both predominance and superiority include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

### B. Appointment of Interim Class Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(3), this Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." If, however, "the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Manual for Complex Litigation* (Fourth) § 21.11 (2004). The Court is not certifying the class, and therefore this issue is MOOT.

## III. DISCUSSION

### A. Motion for Class Certification

Plaintiff is seeking class certification on the basis of facts underpinning claims that are no longer part of this case. Whatever the merits of her position that Defendant ought to have provided PPE, that is not material to her only remaining claims of retaliation in violation of 42 U.S.C. § 1981 (Count One), breach of contract (Count Two), and breach of implied covenant of good faith

9

and fair dealing (Count Three), all three of which pertain to her termination. She appears not to acknowledge this point. For example, she now attributes her claims of breach of contract and breach of implied covenant to the lack of PPE, rather than to her termination, as pled in her Second Amended Complaint. *Compare* Mot. to Certify at 2, *with* 2d Am. Compl., ECF No. 31, ¶¶ 59-70. Courts in this jurisdiction have rejected similar attempts effectively to amend pleadings through motions briefing. *See* Opp'n to Mot. to Certify at 3 (citing, e.g., *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003)). Plaintiff did not make a class-wide allegation in her Second Amended Complaint as to the claims of breach of contract or breach of implied covenant of good faith and fair dealing. *See* Pl.'s 2d Am. Compl., ECF No. 31, ¶¶ 59-70.

Plaintiff did appear to make a class-wide allegation as to her only other remaining claim, the portion of Count One claiming retaliation in violation of 42 U.S.C. § 1981. For example, Plaintiff alleges that "[e]ach Class Member as well as Plaintiff, contested the condition of her employment and was threatened with retaliatory termination of employment for the protest." *Id.* ¶ 35. The Court need not decide the merits of whether contesting a condition of employment is an activity protected under 42 U.S.C. § 1981, or whether simply *threatening* retaliatory termination is prohibited by this statute. Rather, it is enough to find that the class-wide aspect of this allegation, the only aspect currently at issue, is not borne out by the proceedings in this case.

Although this case has not yet reached discovery, even Plaintiff's own allegations do not support her blanket assertion that "each" putative class member clashed with Defendant over PPE to the extent of drawing a threat of termination. Elsewhere in the Second Amended Complaint, she more conservatively states that "Defendant threatened *some* complainants with employment termination because of their complaints about the condition of their employment." 2d Am.

Compl., ECF No. 31, ¶ 8 (emphasis added). In ruling on Defendant's Motion to Dismiss the Second Amended Complaint, Judge Kessler found Plaintiff's retaliation claim to be successfully pled but dealt only with her alleged termination in retaliation for her deposition testimony. *See* Mem. Op., ECF No. 53, at 9-10. The narrow scope of Judge Kessler's finding is consistent with the absence of any allegation by Plaintiff that any coworkers were fired in retaliation for testimony. Similarly, in Plaintiff's briefing on her Motion for Class Certification, she has treated the retaliation claim as solely an individual claim. *See* Mot. to Certify at 20 ("Except for the [sic] *Rosa Arias'* claim of *retaliatory termination of employment*, [and] claim for compensation for sick leave, the claims presented by Rosa Arias for class certifications [sic] are collectively applicable to the class members." (second emphasis added)); Reply in Supp. of Mot. to Certify at 8 ("The discriminatory retaliatory discharge claim can be decided by summary judgment. The adjudication of the claim is not controlling and will not affect the class as an independent claim.").

However, even if Plaintiff had alleged that Counts Two and Three were class-wide claims, and even if the remaining portion of Count One were properly understood as a class-wide claim, Plaintiff has not discharged her burden to prove that her case satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. In order to qualify for class certification, Plaintiff must meet all four requirements under Rule 23(a) and fall into one of the three categories in Rule 23(b). Fed. R. Civ. P. 23. Plaintiff seeks certification under 23(b)(3) and, accordingly, must meet the category's predominance and superiority requirements. Mot. to Certify at 1; Fed. R. Civ. P. 23(b) & (b)(3). As the D.C. Circuit has noted, "[c]lass certification is far from automatic . . . 'Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law, or fact, etc." *In re Rail*

*Freight Fuel Surcharge Antitrust Litigation-MDL No. 1869*, 725 F.3d at 276 (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350-51 (2011)).

    1. Numerosity

Turning to the first prong of Rule 23(a), numerosity, Plaintiff proposes a class comprising two groups of housekeepers at Defendant's hotels who allegedly were subjected to hazardous chemicals without the use of PPE: (a) the employees who worked with Plaintiff at Defendant's Metro Center Hotel, and (b) the employees who worked at others of Defendant's hotels in the District of Columbia. *See* Mot. to Certify at 1-2.

In Plaintiff's Motion for Class Certification, Plaintiff claims that the parties agree that the number of class members "is *approximately 40*" at Defendant's Metro Center location, and "more than 40" at Defendant's other hotels in the District of Columbia. *Id.* at 14. But as Defendant's Opposition makes clear, no such consensus exists. *See* Opp'n to Mot. to Certify 5. In a footnote, Defendant states that the likely cause of this confusion was the following sentence from Defendant's Opposition to a previous motion: "While there is some indication that the amount of class members would be greater than 40, Plaintiff does not, and cannot, provide a definite number, or even a plausible estimate." *Id.* at 5 n.4 (internal quotation marks omitted). Defendant's statement cannot fairly be read as an agreement that the class size is, as Plaintiff claims, "approximately 40." Rather, Defendant's statement merely acknowledges a possible size while, in the same sentence, arguing that such a size has not been established by Plaintiff. Defendant has also noted Plaintiff's inexplicably shifting descriptions of the numerosity of the class. *Id.* at 5; 2d Am. Compl., ECF No. 31, ¶ 126 ("The Class is composed of hundreds of Defendant's Housekeeping Employees in the District of Columbia . . . .").

As Plaintiff correctly observes, she must furnish a "reasonable basis" for her estimated class size. Reply in Supp. of Mot. to Certify at 6 (citing *Bynum*, 214 F.R.D. at 32-33). The only basis Plaintiff provides in her briefing is that "Plaintiff, Rosa Arias, has confirms [sic] that ether [sic] is a definite number of more than 40 Housekeeping employees at [Defendant's] Metro Center Hotel." *Id.* at 6. Plaintiff's bare assertion in a brief that there are "more than 40" in one of the two groups, without even so much as an affidavit in support, does not rise to the level of "prov[ing] that there are *in fact* sufficiently numerous parties."[4] *In re Rail Freight Fuel Surcharge Antitrust Litigation-MDL No. 1869*, 725 F.3d at 276 (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350-51 (2011)) (internal quotation marks omitted). It is all too convenient, moreover, that Plaintiff's allegation matches this jurisdiction's precedent—to which she refers—of "at least forty" class members. Mot. to Certify at 13-14; *Bynum*, 241 F.R.D. at 37. As Plaintiff has not provided a reasonable basis for finding that there are "*in fact* sufficiently numerous parties," Plaintiff fails to satisfy Rule 23(a)(1)'s numerosity requirement.

2. Commonality

Even in the event that Plaintiff had established a sufficiently numerous putative class, Plaintiff has failed to prove that she meets Rule 23(a)(2)'s commonality requirement. While the set of claims initially pled in her Second Amended Complaint may have included questions of law or fact common to the putative class, no such questions remain following Plaintiff's voluntary dismissal of Counts Five and Seven and the Court's dismissal of Counts Four, Six, and the race and national origin claims in Count One.

---

[4] Even if such an assertion could constitute factual support for *an* estimate of the number of class members, Plaintiff's claim in her reply brief that there are "more than 40" putative class members calls into some doubt her earlier contention that there are "approximately 40" such members. The Court also observes that Plaintiff's latest assertion makes no mention of the putative class members at Defendant's other D.C. hotels.

Examining Counts Two and Three in Plaintiff's Second Amended Complaint, the Court finds that both concern only Plaintiff's own circumstances. Pl.'s 2d Am. Compl., ECF No. 31, ¶¶ 59-70. Count Two contains Plaintiff's claim of breach of contract in her alleged termination during her leave of absence. *Id.* ¶¶ 59-65. Nowhere in Count Two does Plaintiff mention other putative class members or allege that any other putative class members may have been similarly terminated in breach of their employment contracts. *See id.* Similarly, Count Three contains Plaintiff's claim for breach of implied covenant of good faith and fair dealing attributable to her termination. *Id.* ¶¶ 66-70. Like Count Two, Count Three makes no assertion as to other putative class members, in particular that any other putative class members were terminated in breach of implied covenant. *See id.*

In her Motion for Class Certification, Plaintiff attempts to recharacterize her breach of implied covenant claim as raising the question of "[w]hether Defendant breached [the implied covenant] by requiring the Housekeeping Employees to work with chemicals that the Defendant knew that [sic] would cause irreversible respiratory and eye injuries without the use of the proper, chemical label prescribed PPE." Mot. to Certify at 15. As this is wholly inconsistent with Plaintiff's pleading in the Second Amended Complaint, which ties the implied covenant claim only to her termination, this appears to be an improper attempt to amend the complaint outside the process set forth in the federal and local rules. *See* Fed. R. Civ. P. 15(a)(2); D.D.C. LCvR 15.1. Only Plaintiff's characterization of her claims as presented in her Second Amended Complaint is available in her efforts to prove commonality.

Lastly, while Count One initially contained claims pertaining to the entire class, such claims did not survive Defendant's Motion to Dismiss. Following dismissal, the only remaining claim under Count One is for termination in retaliation for an activity protected under 42 U.S.C.

§ 1981. Plaintiff does not contend that this claim presents questions of law or fact common to the class. *See* Mot. to Certify at 14-15. As discussed above, Plaintiff conceded in briefing her Motion for Class Certification that the retaliation claim is not applicable to the class. *See, e.g.*, *id.* at 20. Even if she did argue the point, this claim would fail to satisfy the commonality requirement, because the only retaliatory action that Plaintiff alleges in her Second Amended Complaint is her own alleged termination in retaliation for her own testimony in *Sanchez*. *See* Pl.'s 2d Am. Compl., ECF No. 31, ¶ 31.

As Plaintiff's claims concern only the circumstances surrounding Plaintiff's alleged termination, Plaintiff has not established that the resolution of these claims could generate "common *answers* apt to drive the resolution of the litigation." *Coleman ex rel. Bunn*, 306 F.R.D. at 82 (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350).

3. Typicality

Had Plaintiff satisfied the numerosity and commonality requirements, still Plaintiff would have failed to satisfy Rule 23(a)(3)'s typicality requirement. As both Plaintiff and Defendant note, the commonality and typicality requirements often "merge" based on their similarity. Mot. to Certify at 16 (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982)); Opp'n to Mot. to Certify at 6 (same). Many of the issues presenting in the commonality inquiry come to the fore in the typicality context as well.

Plaintiff's remaining claims are for termination in retaliation for a protected activity, breach of contract in her alleged termination, and breach of implied covenant of good faith and fair dealing in her alleged termination. All of these claims concern Plaintiff alone and involve details specific to her leave of absence, testimony in *Sanchez*, and alleged termination. Plaintiff's surviving claims concern a "course of conduct," "series of events," and "legal theor[y]" not shared by other

members of the putative class. *In re XM Satellite Radio Holdings Secs. Litig.*, 237 F.R.D. at 18. Accordingly, Plaintiff's claims are not typical of the claims or defenses of the putative class, and Plaintiff has not discharged her burden to meet Rule 23(a)(3)'s typicality requirement.

      4. <u>Adequacy of Representation of the Class</u>

Finally, in the event that Plaintiff had satisfied the other requirements of Rule 23(a), Plaintiff still would not meet Rule 23(a)'s final requirement of adequacy of representation. Many of the same issues that have plagued Plaintiff's ability to meet Rule 23(a)'s other requirements are equally damaging here. As discussed in the commonality and typicality inquiries, Plaintiff's claims concerning circumstances of her alleged termination are unique to her. They are distinct from any claims that putative class members could pursue that strictly regard hazardous chemical usage and PPE. It is not difficult to envision a circumstance in which Plaintiff's interests could quickly diverge from other putative class members' own interests. *See Twelve John Does*, 117 F.3d at 575 ("antagonistic or conflicting interests"). For example, Defendant may propose to settle claims concerning circumstances of Plaintiff's alleged termination, and should Plaintiff accept, that could, depending on the terms, prejudice other class members' interests in trying somehow to pursue claims related strictly to hazardous chemical usage and PPE. As a result, Plaintiff has separate legal interests from other putative class members, making her a poor representative.

If Plaintiff had been an adequate representative of the putative class, then the Court would consider the adequacy of counsel to represent that putative class. *See Falcon*, 457 U.S. at 157 n.13.

Because Plaintiff's legal interests are separate and dissimilar from those of other putative class members, Plaintiff fails to satisfy Rule 23(a)(4)'s requirement that she adequately represent the class.

5. Predominance

Had Plaintiff satisfied Rule 23(a)'s requirements, she would have been required to meet Rule 23(b)(3)'s requirements of predominance and superiority. Fed. R. Civ. P. 23(b).

In Plaintiff's surviving claims, however, common issues cannot predominate because there are no common issues remaining, as addressed in the section above analyzing commonality. Where Plaintiff's claims all concern the circumstances surrounding her own alleged termination, and in the absence of any allegation that others were similarly terminated, there cannot exist "generalized evidence which proves or disproves an element on a simultaneous, class-wide basis." *Cohen*, 522 F. Supp. at 116 (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. at 262). Because there are no elements shared between Plaintiff and members of the putative class, Plaintiff fails to meet Rule 23(b)(3)'s predominance requirement, including the general factors listed therein.

6. Superiority

Lastly, even if Plaintiff had satisfied all of Rule 23(a)'s requirements in addition to Rule 23(b)(3)'s predominance requirement, the same issues regarding a lack of class-wide claims, interests, and facts that have dogged Plaintiff's attempt at class certification up until this point would also prevent her from satisfying 23(b)(3)'s superiority requirement. The individualized nature of Plaintiff's claims does not concern the putative class members and, as such, is more appropriate to resolve outside of a class action. While the general factors contained in Rule 23(b)(3) could apply to the putative class in other circumstances, the lack of commonality between Plaintiff's surviving claims and the claims that other putative class members could pursue renders individual resolution of Plaintiff's claims the most economical for all putative class members, including Plaintiff herself. *See Cohen*, 522 F. Supp. 2d at 117. As such, Plaintiff does not satisfy Rule 23(b)(3)'s superiority requirement.

### B. Motion to Appoint Interim Class Counsel

As Plaintiff has not met any of Rule 23's requirements for class certification, Plaintiff's Motion for Appointment of Harry T. Spikes, Sr. as Interim Class Counsel is MOOT.

\*\*\*

Defendant has requested costs and fees for responding to Plaintiff's Motion for Class Certification. Opp'n to Mot. to Certify at 15-16. However, Defendant does not furnish any authority for granting such a request in these circumstances. Nor is the Court otherwise inclined to grant such a request solely by virtue of Plaintiff's previous Motion for Class Certification, as Defendant urges, *id.* at 15, because Judge Kessler did not decide the merits of that motion and denied it without prejudice. Accordingly, the Court denies Defendant's request for costs and fees.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Class Certification, ECF No. 69, and **DENIES** as MOOT Plaintiff's Motion for Appointment of Harry T. Spikes, Sr. as Interim Class Counsel, ECF No. 76.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 29, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge